IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Mark Heintschel and Tracy Heintschel, ) | |
| ) | C/A No. 9:20-1164-MBS |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **AMENDED** |
| ) | **ORDER AND OPINION** |
| Heather Lynn Kerwick, The Estate of ) | |
| Heather Lynn Kerwick, Robert S. Kerwick, ) | |
| and State Farm Mutual Automobile ) | |
| Company, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On February 21, 2020, Plaintiffs Mark Heintschel and Tracy Heintschel brought this action in the Court of Common Pleas for Beaufort County, South Carolina, alleging that Plaintiff Mark Heintschel was severely injured in an automobile collision On April 20, 2016, in which Defendant Heather Lynn Kerwick was the at-fault driver. Plaintiffs asserted causes of action for negligence, negligent entrustment, and loss of consortium against Defendants Heather Lynn Kerwick; her Estate;[1] and the owner of the vehicle, Defendant Robert S. Kerwick, Ms. Kerwick's father (together "the Kerwicks"). Plaintiffs also asserted a cause of action for bad faith insurance claim handling against Defendant State Farm Mutual Automobile Company ("State Farm").

On March 25, 2020, State Farm removed the complaint on the grounds of diversity jurisdiction. State Farm informed the court that Plaintiffs' claims against the Kerwicks had been the subject of a state court action in 2019, and that the claims had been dismissed with prejudice with

---

[1] Tragically, Ms. Kerwick died in the accident. See https://www.tributearchive.com/obituaries/ 2345921/Heather-Lynn-Kerwick (accessed 11/18/20).

the consent of Plaintiffs' counsel. State Farm asserted that the Kerwicks were nominal or sham Defendants in the controversy between Plaintiffs and State Farm, and that their residencies should be disregarded for purposes of evaluating diversity of citizenship. State Farm further asserted that Plaintiffs' claims against the Kerwicks, if any, had been misjoined. On June 26, 2020, Plaintiffs and State Farm filed a Stipulation of Dismissal With Prejudice as to the Kerwicks. Accordingly, remaining in the case is only Plaintiffs' bad faith cause of action against State Farm.

This matter is before the court on State Farm's motion for summary judgment, which motion was filed on August 10, 2020. Plaintiffs filed a response in opposition on September 11, 2020, to which State Farm filed a reply on September 16, 2020. The parties appeared before the court for a hearing on November 17, 2020. The court granted State Farm's motion for summary judgment from the bench and indicated a written order would be forthcoming.

## I. FACTS

Mr. Kerwick owned an insurance policy through Esurance on the vehicle driven by Ms. Kerwick. The policy had a liability limit of $100,000.00. Mr. Heintschel owned a policy on his vehicle involved in the accident, which had underinsured motorist (UIM) coverage of bodily injury limits of $250,000.00 for each person and $500,000.00 for each accident. ECF No. 10-3, 3. Mr. Heintschel also had UIM coverage on another vehicle in the same amounts. ECF No. 10-5, 3.

Plaintiffs settled with the Kerwicks for the Esurance policy limits. Plaintiffs executed a release and covenant not to execute on November 30, 2016. In the covenant not to execute, Plaintiffs reserved the right to collect UIM benefits applicable to this action and agreed not to attempt to satisfy any judgments against the Kerwicks from their personal assets. By letter dated July 20, 2017, Plaintiffs made a demand to State Farm for UIM coverage in the full amount of the policy

2

limits.[2] ECF No. 10-2, 11. State Farm compared the medical costs presented of $42,505.81 and the setoff of the policy limits of $100,000.00 obtained from Esurance, and, by letter dated April 20, 2016, declined to make an offer to Plaintiffs. ECF No. 10-2, 14.

By letter dated January 28, 2019, Plaintiffs made a second demand to State Farm in the amount of $750,000.00 in UIM benefits.[3] Plaintiffs presented medical bills of $51,578.65 and claimed $407,860.57 for future medical treatment, Plaintiff also made a claim for lost wages. On February 11, 2019, State Farm received additional medical records for shoulder surgery, at a cost of $26,038.00. By letter dated February 18, 2019, State Farm responded to the demand with an offer of $10,000.00 to settle the UIM claim. A claim specialist with State Farm informed Plaintiffs that the offer was based on the following:

> 1) $100.00[0] set off from the tortfeasor's liability coverage
>
> 2) the lack of information relating the need for shoulder surgery to this accident. From the records, it does not appear there is any complaint of shoulder injury until he goes to Beaufort Orthopaedics on May 15, 2017.
>
> 3) over $400,000 of the demand is based on estimated future treatment. It is difficult to consider the need and/or relatedness of treatment for the next 23.94 years.
>
> 4) there is mention of a possible lost wage claim but not actual monetary demand or support for one
>
> If there is any information not previously provided that would cause a re-evaluation please provide it. Unfortunately I am not able to meet your demand of $750,000 with the information provided.

ECF No. 10-2, 26.

---

[2] Plaintiffs' July 20, 2017 letter erroneously referred to policy limits of $100,000.00.

[3] This amount was $250,000.00 in excess of the stacked UIM bodily injuries coverage available under Mr. Heintschel's two policies.

Plaintiffs did not respond to State Farm's offer. In their February 21, 2020 complaint, they allege that State Farm has failed and refused to make any reasonable offer of payment for the losses covered by the UIM policies. Plaintiffs assert that State Farm's failure and refusal to make a reasonable offer is in bad faith and in breach of the implied covenant of good faith and fair dealing. Plaintiffs seek actual, punitive, consequential, direct, indirect, special, current, and future damages against State Farm. ECF No. 1-1, 10.

## II. DISCUSSION

A.   Summary Judgment Standard

Pursuant to Federal Rules of Civil Rule 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if "a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 24, 251-52 (1986). Any inference drawn from the facts should be viewed in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317-23 (1986). Once the movant has made this showing, the non-moving party must demonstrate specific, material facts that give rise to a genuine issue. Id. at 324. A "mere scintilla" of evidence is insufficient to overcome the summary judgment motion. Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986).

B.   Plaintiffs' Claim for Bad Faith Failure to Settle

An insurer that unreasonably refuses to settle a claim with an insured within policy limits is subject to liability in tort. Tyger River Pine Co. v. Md. Cas. Co., 170 S.E. 346 (1933). The elements

of a bad faith refusal to pay a claim action are (1) the existence of a mutually-binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damages to the insured. BMW of North America, LLC v. Complete Auto Recon Servs., Inc., 731 S.E.2d 902, 907 (S.C. Ct. App. 2012) (citing Crossley v. State Farm Mut. Auto. Ins. Co., 415 S.E.2d 393, 396-97 (S.C. 1992)). "'[A]n insurer acts in bad faith when there is no reasonable basis to support the insurer's decision [for contesting a claim].'" Id. (quoting Helena Chem. Co. v. Allianz Underwriters Ins. Co., 594 S.E.2d 455, 462 (S.C. 2004)). However, where an insurer has a reasonable ground for contesting a claim, there is no bad faith. Id. (citing Helena Chem., 594 S.E.2d at 462). Once the damages of the insured exceed the liability insurance limits of the at-fault motorist, UIM coverage is triggered statutorily. See S.C. Code Ann. § 38-77-160.

When a plaintiff receives a judgment in excess of the tortfeasor's policy limits, the UIM carrier normally will be liable for the excess amount up to the plaintiff's UIM policy limits. See Cobb v. Benjamin, 482 S.E.2d 589, 597 n.4 (S.C. Ct. App. 1997). In this case, however, Plaintiffs executed a covenant not to execute and reserved their right to seek additional damages under Mr. Heintschel's UIM policies. State Farm was within its right to reasonably seek additional information from Plaintiffs, which it did, and to contest the amount of Plaintiff's demand. State Farm made a settlement offer and stated the reasons for rejecting Plaintiffs' demand. Plaintiffs made no effort to negotiate a settlement with State Farm by stating a counterdemand or providing information to substantiate their original demand. In the court's view, no reasonable jury would find in favor of Plaintiffs and State Farm is entitled to judgment as a matter of law.

III.  CONCLUSION

For the reasons stated, State Farm's motion for summary judgment (ECF No. 10) is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

January 19, 2021

Nunc pro tunc date:  November 19, 2020

6